**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EVA PALMA ATENCIO, EDWARD ATENCIO,**

    Movants,

vs.                                                 **CIVIL NO. 06-1151 JC/DJS**
                                                        Criminal No. 03-1014 JC

**UNITED STATES OF AMERICA,**

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1. Movant has filed the instant petition for habeas corpus pursuant 28 U.S.C. §2255. Movants are incarcerated and serving sentences of life in prison in addition to concurrent 240 month and sixty month sentences pursuant to convictions of each of them of one count of engaging in a continuing criminal enterprise, four counts each of maintaining a place for the purpose of manufacturing, distributing and using cocaine and marijuana, one count of possessing with intent to distribute more than fifty kilograms of marijuana, and one count of transporting money derived from a criminal activity or intended to be used to promote unlawful activity. In addition, their jury trial resulted in

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

forfeiture of $10,000,000 and four pieces of real property. Movants appealed their initial sentences and succeeded in obtaining reversal of their convictions for conspiring to possess with intent to distribute more than 1000 kilograms of marijuana and more than five kilograms of cocaine, which conviction the Tenth Circuit Court of Appeals held to be a lesser included offense of the continuing criminal enterprise offense of which Movants were also convicted.

2. In their first claim for relief, Movants contend that their sentence must be vacated because their convictions under 21 U.S.C. §841 are unconstitutional as applied to them because the statute permits a mandatory penalty based upon factors decided by the judge at the time of sentencing rather than facts found by the jury. In their second claim for relief, Movants assert that the search of their properties were unconstitutional and violated their right to Due Process because the law enforcement officers conducting the search never presented them with an actual copy of the warrant at the outset of the searches. As a third ground for relief, Movant contend that they were afforded ineffective assistance of counsel because their attorney failed to challenge the search warrants or filed motions to suppress the evidence obtained pursuant to those warrants

3. Respondent notes that Movants failed to challenge the constitutionality of their sentence on direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a §2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994). Review of Movants' direct appeal, United States v. Atencio, 435 F.3d 1222 (10th Cir. 2006) shows that while they challenged the methodology for determining the drug quantities involved in their crimes, they did not challenge the constitutionality of their sentences. Consequently, as Respondent asserts they are barred from raising this issue in the instant motion.

4. Even if the procedural bar did not act to prevent this claim, Movants would not succeed on it, for, as pointed out by Respondent, a special jury verdict set out the elements required to support Movants' life sentences pursuant to 21 U.S.C. §848(b) and instructed the jury that it must find each element beyond a reasonable doubt, which it did. Because the factors supporting Movant's mandatory life sentences were found by the jury they have no basis to challenge the constitutionality of those sentences as applied to them. To the extent that the §2255 motion raises the issue of Movant's convictions and life sentences for conspiracy under 21 U.S.C. §841 rather than for a continuing criminal enterprise under 21 U.S.C. §848, the conspiracy life sentences were vacated by the 10th Circuit Court of Appeals.

5. Movants challenge the execution of the search warrants with respect to three houses they owned. Movants waived this argument by failing to raise it on direct appeal as well. Allen, 16 F.3d at 378. Further, the alleged failure to comply with Fed.R.Crim.P. Rule 41(f)(3) is a ministerial error. See United States v. Ritchie, 35 F.3d 1477, 1483 n. 6 (10th Cir. 1994). Movants contend that the failure to serve them with an actual search warrant before the search created a constitutional defect. However, the Supreme Court has held that "neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41 imposes such a requirement" on executing officers. United States v. Grubbs, 547 U.S. 90, 99 (2006). Further, Respondent has provided the Court with copies of the warrants at issue as exhibits to its response to the instant motion. Those returned warrants reflect that copies of each was left at the residence searched, complying with Fed.R.Crim.P. 41 and negating Movants' factual argument. Accordingly, Movants are not entitled to relief on this claim.

6. Movants contend that their counsel was ineffective for moving to suppress the evidence obtained in the search of their houses by challenging the validity of the warrants on the basis of the lack of service of the warrants. To succeed on this claim that their counsel was constitutionally

ineffective, Movants must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense". <u>Strickland v. Washington</u> 466 U.S. 668,687 (1984). To show prejudice, Movants must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Because there is no merit to Movants' argument that the service of the warrants rendered the searches unconstitutional, their counsel could not be ineffective for raising that argument because it would not have prevented Movants' convictions.

**RECOMMENDED DISPOSITION:**

That the relief sought in the instant action be denied and this matter dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**